UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

WILLIAM MERRELL,
                 Plaintiff,

v.

WEEKS MARINE, INC.,
                 Defendant

Civil Action No. 2:12-cv-00908
(DMC)(JAD)

OPINION

This matter comes before the Court upon motion (ECF No. 27) by plaintiff William Merrell ("Plaintiff") to amend the complaint pursuant to Fed. R. Civ. P. 15(a)(2) (the "Motion to Amend"). Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. Upon consideration of the parties' submissions, and for the reasons stated below, the Motion to Amend is **granted**.

I.     **BACKGROUND.**

The present motion in this personal injury action requires the Court to determine whether Plaintiff should be permitted to amend his original complaint[1] to include a claim under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 905(b) (the "§ 905(b) Claim"). Plaintiff was injured on October 21, 2008, while working on defendant Weeks Marine Inc.'s ("Defendant") vessel. In the Complaint, Plaintiff asserted a cause of action under the Jones Act, 46 U.S.C. § 2104, et seq. (the "Jones Act"), arguing he qualified as a "seaman" for purposes of the Act. At some point in discovery, Plaintiff discovered that if he is not determined to be a seaman under the Jones Act, he may nevertheless be entitled to recovery against Defendant

---

[1] Plaintiff originally filed the complaint on August 18, 2011 in the United States District Court for the Eastern District of New York. (Compl., ECF No. 1) (the "Complaint").

1

based on his status as a "maritime employee" under § 905(b). However, Plaintiff did not include the § 905(b) Claim in the Complaint. He now seeks to amend the Complaint to add the § 905(b) Claim; however, the deadline to amend pleadings set forth in the Pretrial Scheduling Order has passed.

    A.    <u>The Complaint</u>.

Plaintiff originally filed the Complaint in the United States District Court for the Eastern District of New York, contending Plaintiff was a seaman on Defendant's vessel or fleet of vessels at the time of his injury. (Br. Supp. Mot. Amend 1, ECF No. 31).

On September 16, 2011, Defendant filed an Answer to the Complaint, asserting that Plaintiff was not a seaman for purposes of the Jones Act. (Answer, Second Affirmative Defense, ECF No. 3). Defendant further alleged that it qualified as Plaintiff's employer under § 905(b), and is, therefore, immune from liability for Plaintiff's injuries. (<u>Id.</u> at Third Affirmative Defense).

On December 16, 2011, Plaintiff filed a letter informing the Eastern District of New York that Plaintiff contacted Defendant's counsel to determine whether Defendant would stipulate to allow Plaintiff to amend the Complaint in lieu of filing a motion to amend. (12/16/2011 Letter, ECF No. 11). Specifically, Plaintiff sought to add a claim under § 905(b), which is the same claim he seeks to add by this motion. Plaintiff prepared and forwarded a draft amended complaint to Defendant; however, Defendant did not consent to the amendments. Ultimately, Plaintiff did not file the proposed amended complaint.

Thereafter, the matter was transferred to this Court on February 15, 2012. On April 2, 2012, the Court entered a pre-trial scheduling order, which provided that motions to amend pleadings were to be filed by June 15, 2012. (Order, ECF No. 19).

2

B.     The Motion to Amend.

On December 19, 2012, six months after the deadline to amend pleadings passed, Plaintiff filed the Motion to Amend, seeking to include the alternative § 905(b) Claim. The § 905(b) Claim asserted that if Plaintiff is not a Jones Act seaman, he is nonetheless entitled to recovery under § 905(b).[2] Plaintiff alleged that the proposed amendment is necessary to protect Plaintiff's rights depending on the findings of fact. (Aff. Supp. Mot. Amend 2, ECF No. 27). Plaintiff argued that Defendant would not be prejudiced by allowing the amendment because Defendant, as Plaintiff's employer, had full knowledge of the conditions on the vessel and that its "fund of knowledge of the conditions and its employees' actions" for purposes of the proposed § 905(b) Claim are the same as for the Jones Act claim. (Id.).

Defendant opposed the Motion to Amend, arguing that Plaintiff failed to satisfy the standard for amendment pursuant to either Fed. R. Civ. P. 16 or Fed. R. Civ. P. 15. (Opp. Br. 2, ECF No. 33). First, with respect to Rule 16, Defendant argued that Plaintiff failed to establish good cause because Plaintiff was aware of the facts giving rise to his § 905(b) Claim for months before (and after) the deadline to amend expired. (Id. at 9-10). Defendant asserted that Plaintiff provided no satisfactory explanation for his delay in seeking to amend. (Id. at 10). Second, Defendant argued that even if Plaintiff established good cause, the Motion to Amend should nevertheless be denied pursuant to Rule 15 because the proposed claims are futile. (Id. at 12).

In response, Plaintiff argued that Rule 16 does not apply to the Motion to Amend, but that he nonetheless met the "good cause" standard under the Rule since "the delays in discovery caused mainly by [Defendant], the uncertainty of the applicable law, and the defense counsel'

---

[2] Specifically, Plaintiff asserted he is entitled to recovery under 33 U.S.C. 901, 33 U.S.C. §905(b), 33 U.S.C. 933 and the general maritime law of the United States. (Br. Supp. Mot. Amend 2, ECF No. 28).

3

own efforts to dissuade an amendment," all provided good cause. (Br. Supp. Mot. Amend 2, 5, ECF No. 36).

## II. STANDARD OF REVIEW.

Where deadlines for amending pleadings are the subject of a scheduling order and the deadlines have passed, the moving party must meet Rule 16's good cause standard in order to amend. Stallings ex rel. Estate of Stallings v. IBM Corp., CIV. 08-3121 (RBK/JS), 2009 WL 2905471 (D.N.J. Sept. 8, 2009) (citation omitted). This is because motions to amend that are filed after a scheduling order deadline has passed are treated as motions to amend the pretrial scheduling order, see id. (citing Assadourian v. Hard, 71 Fed. R. Serv. 3d 693 (D.N.J. 2008) aff'd, 430 F. App'x 79 (3d Cir. 2011)); see also Dimensional Commc'n Inc. v. OZ Optics, Ltd., 148 F. App'x 82, 85 (3d Cir. 2005) (finding that plaintiff must satisfy Rule 16's "good cause" requirement if seeking to amend the complaint after the deadline for amending pleadings has passed), and, under Rule 16(b)(4), a scheduling order may only be modified for good cause. Rule 16 governs in these situations rather than Rule 15 because scheduling orders would otherwise "be nullified if a party could inject amended pleadings upon a showing of less than good cause after scheduling deadlines have expired." Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463, 469 (D.N.J. 1990). As such, only upon a showing of "good cause" will the Court evaluate the proposed amendment under Rule 15(a).

Rule 15(a) governs amendments made before the expiration of the statute of limitations on a claim for which a party seeks to amend its pleading. Fed. R. Civ. P. 15(a). Rule 15(a) provides that after a responsive pleading has been filed:

> [A] party may amend its pleading only with the opposing party's written consent or the courts leave. The Court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a)(2).

The grant or denial of leave to amend under Rule 15(a) is a matter "committed to the sound discretion of the district court." Arab African Int'l Bank v. Epstein, 10 F.3d 168, 174 (3d. Cir. 1993). The Third Circuit adopted a liberal approach to the amendment of pleadings under Rule 15 to ensure that "a particular claim will be decided on the merits rather than on technicalities." Dole v. Arco Chem. Co., 921 F.2d 484, 487 (3d. Cir. 1990) (internal citation omitted). The burden is generally on the party opposing the amendment to demonstrate why the amendment should not be permitted. Foman v. Davis, 371 U.S. 178 (1962).

Leave to amend a pleading may be denied where the court finds: (1) undue delay; (2) undue prejudice to the non-moving party; (3) bad faith or dilatory motive; or (4) futility of amendment. Shane v. Fauver, 213 F.3d 113, 115 (3d. Cir. 2000). Unfair prejudice is the most common factor used by courts to deny leave. Unfair prejudice is usually found when there has been a significant unjustified delay in moving to amend that creates an unfair disadvantage for the defendant. However, delay alone will not justify denying a motion to amend. See Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 273 (3d. Cir. 2001) (holding that mere passage of time does not require that a motion to amend a complaint be denied on grounds of delay). Only where delay becomes "undue," i.e., placing an unwarranted burden on the court, or "prejudicial," i.e., placing an unfair burden on the opposing party, is denial of a motion to amend appropriate. Adams v. Gould Inc., 739 F.2d 858, 868 (3d. Cir. 1984) ("The question of undue delay, as well as the question of bad faith, requires that [the Court] focus on the plaintiff['s] motives for not amending [its] complaint to assert [the] claim[s] earlier; the issue of prejudice requires that [the Court] focus on the effect on the [defendant]."). Delay may become undue when there has been previous opportunity to amend the complaint. See Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d

Cir. 1993) (finding that a three-year lapse between the filing of the complaint and the proposed amendment was "unreasonable" delay when plaintiff had previous opportunities to amend). In such cases, the Court must focus on the moving party's reasons for not amending the pleading sooner. USX Corp. v. Barnhart, 395 F.3d 161, 168 (3d. Cir. 2004).

A proposed amendment may also be denied based on futility if it "would fail to state a claim upon which relief could be granted." Shane v. Fauver, 213 F.3d t 115. Thus, "[i]n assessing 'futility' the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." Id. To survive dismissal under Rule 12(b)(6), a complaint "must contain sufficient factual matter accepted as true to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

### III. DISCUSSION.

As a threshold matter, because the Pretrial Scheduling Order's deadline to amend pleadings expired, this Court must first determine whether Plaintiff satisfied the good cause requirement of Rule 16.[3]

#### A. Good Cause Under Fed. R. Civ. P. 16.

Under Rule 16, a schedule may be modified only for "good cause," which requires a showing that the delay "stemmed from any mistake, excusable neglect, or any other factor which might understandably account for failure of counsel to undertake to comply with the Scheduling Order." Fermin v. Toyota Material Handling, USA, Inc., No. 10-3722, 2012 WL 1393074, *3 (D.N.J. April 23, 2012)). The most common basis for finding a lack of good cause is the party's knowledge of the potential claim before the deadline to amend has passed. Stallings ex rel. Estate of Stallings v. IBM Corp., CIV. 08-3121 (RBK/JS), 2009 WL 2905471, *16 (D.N.J. Sept.

---

[3] Plaintiff argued that a Rule 16 analysis was inapplicable to the Motion to Amend. However, as demonstrated by the precedential cases in this District cited in the preceding section, Rule 16 governs the amendment of pleadings once the deadline in the pretrial scheduling order passes.

8, 2009) (citations omitted); Dimensional Commc'ns, Inc. v. Oz. Optics, Ltd., 148 Fed. Appx. 82, 85 (3d Cir. 2005) (defendant "could not satisfy Rule 16(b)'s good cause requirement because [it] was in possession of the facts underlying the proposed counterclaim well before the amendment deadline."); Prime Ins. Syndicate v. United Risk Mgmt. Srvcs., 2006 WL 2085388, *5 (D.N.J. July 25, 2006) ("Plaintiff provided no reason for why it could not have asserted these new claims against [the defendant] within the requisite deadlines.").

Here, Plaintiff argued good cause existed because delays in discovery, the uncertainty of the applicable law, and defense counsel's efforts to dissuade an amendment hindered Plaintiff from seeking to amend earlier. (Br. Supp. Mot. Amend 5-6, ECF No. 36). For example, Plaintiff suggested that it was "particularly significant" that Defendant did not produce Plaintiff's timesheets until August 2012 – which was after the deadline for filing a motion to amend passed – arguing that these timesheets were relevant to establishing Plaintiff's status as a seaman under the Jones Act. (Id. at 7). Plaintiff further asserted that the Declaration of Thomas Langan, offered by Defendant in support of its opposition, established that "defense counsel's representations concerning his client's capacity at the time of the incident, […] and the taking of [Plaintiff]'s deposition after the deadline," were significant factors in Plaintiff's missing of the deadline. (Br. Supp. Mot. Amend 8, ECF No. 36).

Defendant countered, however, that Plaintiff had knowledge of the potential § 905(b) Claim before the deadline to amend passed because "no new facts were revealed during discovery of this action." (Opp. Br. 10, ECF No. 33). In fact, Plaintiff's deposition, taken on September 11, 2012, was the only deposition taken prior to Plaintiff's filing of the Motion to Amend. Thus, Defendant argued Plaintiff was aware of the facts surrounding the incident in question, including those relating to the § 905(b) Claim, even before bringing suit. (Id.).

7

The Court agrees that Plaintiff had knowledge of the proposed § 905(b) Claim before the deadline to amend pleadings passed. Indeed, Plaintiff sent a draft amended complaint containing the § 905(b) Claim to Defendant before the case was transferred to this District and months before the deadline passed.

On the other hand, however, Defendant's receipt (and presumed review) of the draft amended complaint put it on notice of the § 905(b) Claim. The real question is, since Plaintiff sought to amend the Complaint both before and after the good cause deadline expired – but was, for all intents and purposes, "talked out of it" by Defendant – should the Court refuse to find good cause? It appears that Plaintiff knew early on that it should seek to amend the Complaint based on Defendant's defenses, particularly Defendant's assertion that Plaintiff did not qualify as a seaman for purposes of the Jones Act. Events – and frankly, a bit of neglect – overtook the calendar from Plaintiff's perspective. However, the Court concludes that, under the facts and circumstances of this case, Plaintiff's neglect can be deemed excusable. The parties were always aware that Plaintiff should be alternatively asserting a § 905(b) Claim. Indeed, Plaintiff's status as a seaman under the Jones Act was discussed more than once during off-the-record discovery conferences. There is no surprise and no prejudice to Defendant in defending against this claim, of which it has long been aware. The Court recognizes that these circumstances push the outer limits of good cause – however, the Court cannot deprive Plaintiff of his rights and claims in the absence of any prejudice to Defendant and given the Plaintiff's reliance on the representations of Defendant. Thus, the Court shall grant Plaintiff's Motion to Amend.

To ensure, however, that Defendant is not prejudiced by this development, the Court shall allow Plaintiff to be re-deposed, at Defendant's option, and Plaintiff shall pay the cost of the court reporter and transcript.[4]

B. Fed. R. Civ. P. 15(a).

Finally, this Court must consider whether amendment is permissible under Rule 15(a). The two pertinent issues the Court must consider are whether: (i) the § 905(b) Claim is futile; and (ii) Plaintiff's delay in seeking to amend the Complaint was undue.

First, the Court does not find that the § 905(b) Claim is futile. Plaintiff argued that it set out of viable cause of action under § 905(b) based on a violation of the "turnover duty," which requires a shipowner to turn over a ship and its contents in safe working condition, and to provide warnings of dangerous conditions.[5] (Reply Br. 9-10, ECF No. 36). The Supreme Court, in Howlett v. Birkdale Shipping Co., S.A., described the "turnover duty" as follows:

> We provided a brief statement of the turnover duty in *Federal Marine Terminals, Inc. v. Burnside Shipping Co.*, 394 U.S. 404, 89 S.Ct. 1144, 22 L.Ed.2d 371 (1969): A vessel must "exercise ordinary care under the circumstances" to turn over the ship and its equipment and appliances "in such condition that an expert and experienced stevedoring contractor, mindful of the dangers he should reasonably expect to encounter, arising from the hazards of the ship's service or otherwise, will be able by the exercise of ordinary care" to carry on cargo operations "with reasonable safety to persons and property." *Id.*, at 416-417, n. 18, 89 S.Ct., at 1151,

---

[4] Defendant's legal fees for any renewed deposition may be the subject of an application for attorneys' fees; however, it seems to the Court that, if the § 905(b) issue was originally in the case, any examination thereon would have occurred anyway.

[5] "[There are] three general duties shipowners owe to longshoremen. The first, which courts have come to call the 'turnover duty,' relates to the condition of the ship upon the commencement of stevedoring operations. See Scindia Steam Navigation Co. v. De Los Santos, 451 U.S.156, 167 (1981). The second duty, applicable once stevedoring operations have begun, provides that a shipowner must exercise reasonable care to prevent injuries to longshoremen in areas that remain under the 'active control of the vessel.' Ibid. The third duty, called the 'duty to intervene,' concerns the vessel's obligations with regard to cargo operations in areas under the principal control of the independent stevedore. See id., at 167-178." Howlett v. Birkdale Shipping Co., S.A., 512 U.S. 92, 98, 114 S. Ct 2057, 2063, 129 L. Ed. 2d 78 (1994)

> n. 18 (internal quotation marks omitted); see also *Scindia Steam,* 451 U.S., at 167, 101 S.Ct., at 1622. A corollary to the turnover duty requires the vessel to warn the stevedore "of any hazards on the ship or with respect to its equipment," so long as the hazards "are known to the vessel or should be known to it in the exercise of reasonable care," and "would likely be encountered by the stevedore in the course of his cargo operations[,] are not known by the stevedore[,] and would not be obvious to or anticipated by him if reasonably competent in the performance of his work." *Ibid.,* citing *Marine Terminals, supra,* at 416, n. 18, 89 S.Ct., at 1151, n. 18.

512 U.S. 92, 98-99 (1994).

Thus, Defendant asserted that to prevail on a § 905(b) Claim based on the "turnover duty," "a longshoreman must prove that the vessel owner know or should have known of hazards which are unknown or would not be obvious to the stevedore." (Opp. Br. 19, ECF No. 31) (citing Howlett v. Birkdale Shipping Co., 512 U.S. 92, 98-99 (1994)). Defendant argued that Plaintiff cannot meet this standard because there is "no allegation that [Defendant] knew or should have known" of any hazards that were not obvious to Plaintiff. (Id.). Moreover, Defendant argued that the condition of the wood matting (which caused Plaintiff's fall) were "open and obvious to Plaintiff." (Id.). However, the Court finds that this issue implicates a factual dispute, which cannot be resolved by the Court's futility analysis. At this stage, the Court must consider the allegations as pled in the Amended Complaint, and whether Defendant "knew or should have known" of the dangerous condition is a legal conclusion that requires further factual development.

Second, the Court finds that Plaintiff's delay in seeking to amend the Complaint, although dilatory, was not undue. As previously noted, it appears from the record that the parties have long been aware of the possible need to add the § 905(b) Claim. There was no, or little, delay in raising the § 905(b) Claim. The delay was in actually filing the Motion to Amend. Accordingly, the Court finds no unfair prejudice to Defendant, and no undue delay.

## IV. CONCLUSION.

For the reasons set forth above, the Motion to Amend (ECF No. 27) is **granted**.

**SO ORDERED**

_____  7/31/13
**JOSEPH A. DICKSON, U.S.M.J.**

cc:  Hon. Dennis M. Cavanaugh, U.S.D.J.